FILED
CLERK, U.S. DISTRICT COURT

SEP - 5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ARSEN ZALYAN,

      Plaintiff,

    v.

GREGORY HOSKINS, ET AL.,

      Defendants.

Case No. CV 13-6184 UA (DUTYx)

**ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION**

The Court will remand this unlawful detainer action to state court summarily because Defendants removed it improperly.

On August 22, 2013, Defendant Gregory Hoskins, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action in this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in

1   the first place, in that Defendant does not competently allege facts supplying either

2   diversity or federal-question jurisdiction, and therefore removal is improper.  28

3   U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546,

4   563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).  Even if complete diversity of

5   citizenship exists, the amount in controversy does not exceed the diversity-

6   jurisdiction threshold of $75,000.  *See* 28 U.S.C. §§ 1332, 1441(b).  On the

7   contrary, the unlawful-detainer complaint recites that the amount in controversy

8   does not exceed $25,000.  Moreover, because Defendant resides in the forum state,

9   Defendant cannot properly remove the action, to the extent diversity jurisdiction is

10  asserted.  28 U.S.C. § 1441(b).

11        Nor does Plaintiff's unlawful detainer action raise any federal legal question.

12  *See* 28 U.S.C. §§ 1331, 1441(b).  In his removal papers, Defendant asserts that

13  Plaintiff's action violates his due process and equal protection rights.  However, "a

14  federal defense does not form a basis for removal" in an unlawful detainer action.

15  *See U.S. Bank Nat'l Ass'n v. Beas*, 2012 WL 27502 at *1 (C.D. Cal. Jan. 6, 2012)

16  (remanding unlawful detainer action to state court where Defendant alleged due

17  process and equal protection violations); *see also Vaden v. Discover Bank*, 556 U.S.

18  49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated

19  defense"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal

20  law defense to a state-law claim does not confer jurisdiction on a federal court[.]").

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

2

1      Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the

2  Superior Court of California, South District, Long Beach Courthouse, 415 West

3  Ocean Blvd., Long Beach, CA 90802, for lack of subject matter jurisdiction

4  pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this

5  Order to the state court; and (3) that the Clerk serve copies of this Order on the

6  parties.

7

8      IT IS SO ORDERED.

9

10  Dated: _____8/29/13_____

11                             GEORGE H. KING

                CHIEF UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28